**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> )     2:04-cr-00074-RCJ-LRL-6 <br> vs. ) <br> ) <br> ASHLEY GADDIS, )     **ORDER** <br> ) <br> Defendant. ) <br> ) | |

In 2005, a federal grand jury indicted Defendant Ashley Gaddis for multiple counts of conspiracy, bank fraud, identity theft, and related offenses. In 2006, Defendant pled guilty to one count each of identity theft, aggravated identity theft, and bank fraud, pursuant to a plea agreement. The Hon. Brian E. Sandoval sentenced Defendant to a total of fifty-two months of imprisonment, to be followed by a total of sixty months of supervised release. After Defendant's release, the Court later revoked supervised release and imposed an additional fifteen months of imprisonment, to be followed by forty-five months of supervised release. After Defendant's release, the Court again revoked supervised release and imposed seven days imprisonment, to be followed by forty-four months of supervised release.

Defendant has filed two motions, asking the Court in each of them to issue a final determination pursuant to the Interstate Agreement on Detainers ("IAD"). The IAD is an agreement between the states and the United States to facilitate the disposition of untried

offenses charged in one jurisdiction against prisoners incarcerated in another jurisdiction. *See Carchman v. Nash*, 473 U.S. 716, 719–21 (1985). The IAD applies to "any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner." *Id.* at 720 (quoting IAD, art. III). The IAD applies only to "prisoners," and only to "untried indictment[s], information[s] or complaint[s]." *Id.* at 724–25.

According to the docket in the present case, Defendant is on federal supervised release. Defendant claims to be a prisoner in state custody. She alleges that some kind of detainer has been filed against her but identifies no untried federal indictment, information, or complaint pending against her. Insofar as Defendant means to request final disposition of any petition for revocation of her federal supervised release, the IAD has no application to such a petition, which is not an "indictment, information or complaint" under the meaning of the IAD. *See id.* at 725.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motions for Final Disposition (ECF Nos. 396, 398) are DENIED.

IT IS SO ORDERED.

Dated this 16th day of October, 2012.

_____
ROBERT C. JONES
United States District Judge